Judge Brooke
pronounced the opinión of the court, as follows:—
.The first objection to "the judgment of the County Court, in this case, arises out of the pleadings. The insertion of the word defendant,” instead of “ defendants,” in the demurrer, is supposed to restrict it to the plea Of one defendant *527 Only. The plest is the joint plea of both defendants expressly, and the joinder in demurrer is by both defendants also. The court is of opinion, that the inference drawn from the insertion of the word defendant, instead of defendants, in the , , . , . , . . ... demurrer, (it not a mere clerical mistake,) is countervailed by the plea and joinder in demurrer.
The validity of the plea upon demurrer is next to be considered. It alleges, in substance, in bar of the scire facias, that Matthew Henderson, one of the obligors, was delivered up by his baii in due form of law, after the judgment was rendered, and, while in the actual custody of the sheriff, was, by th.e plaintiff’s attorney, duly authorised for that purpose, discharged from custody by a written order, and recites the substance of that order.
The court is of opinion, that the surrenderof one only of the defendants was not a full performance of the undertaking of the bail, and no bar to the scire facias. It is net analogous (as was argued) to the case of the discharge of one of two defendants in execution. In the latter case, the discharge of one defendant is the discharge of both, because the execution, being joint, is ineffectual as to one only. Nor is such surrender analogous to a discharge under a supersedeas in England, the effect of which there, is to deprive the plaintiff of his right to sue out a ca. sa., and operates as a penalty on him for permitting the defendant to remain in custody longer than two terms without charging him in execution. The surrender by the bail, both before and after judgment, produces no such consequence under our act: the defendant is still subject to a ca. sa., and, of consequence, the surrender of one defendant is not as effectual as the surrender of both in this case.
On these grounds, the court is of opinion, that the judgment of the County Court, sustaining the demurrer, was correct. The judgment of the Superior Court is therefore reversed, and that of the County Court affirmed.